T.C. Summary Opinion 2002-112


UNITED STATES TAX COURT


EDWARD REISS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9318-01S.                    Filed August 28, 2002.


Edward Reiss, pro se.

<u>Marie E. Small</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $3,364 in petitioner's 1998 Federal income tax.  The issues are whether petitioner is

_____

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

entitled to claim a dependency exemption deduction for his daughter for the 1998 taxable year and whether he is entitled to use head of household filing status.  Petitioner resided in Westport, Connecticut, at the time the petition was filed.

## Background

The facts are not in dispute and may be summarized as follows.[2]  Pursuant to a Decree of Dissolution of Marriage (hereinafter referred to as the "Decree") entered by the Superior Court of the State of Arizona, County of Yavapai, petitioner and his former wife, Susan Lynne Reiss, were divorced on November 9, 1992.  Petitioner and his former wife had one minor child.  The Decree provided, inter alia:

> 2. The custody of the minor child, Ilana Michelle Reiss, is hereby awarded to the * * * [former wife], subject to visitation by Petitioner * * *.
>
> 3 a. * * * Petitioner shall pay to * * * [the former wife], through the Child Support Clerk of this Court, the sum of $1,030.00 each month as and for child support * * *.
>
> *     *     *     *     *     *     *
>
> C.  So long as Petitioner is current on all child support as of December 31 of each year, Petitioner shall be entitled to declare Ilana Michelle Reiss as a dependant and exemption for all federal and state income tax purposes; that * * * [the former wife] shall sign whatever documents are reasonably necessary to facilitate Petitioner's declaration of Ilana Michelle Reiss as a dependent and exemption.

---

[2]  The facts are not in dispute, and the issue is primarily one of law.  Sec. 7491, concerning burden of proof, has no bearing on this case.

During 1998, petitioner's daughter did not live with him for more than half of the taxable year, and petitioner's former wife had custody of the child. Petitioner made all child support payments as ordered by the Decree. On his 1998 Federal income tax return, petitioner claimed a dependency exemption deduction for his daughter and head of household filing status. Notwithstanding the provisions of the Decree, petitioner's former wife refused to sign Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents.

## Discussion

### 1. Dependency Exemption

Section 151 provides that in computing taxable income an individual is entitled to deduct an exemption for qualified dependents as that term is defined in section 152. Section 152 defines a "dependent" as a son, daughter, sibling, parent, or an individual who has as a principal place of abode the home of the taxpayer and is a member of the taxpayer's household.

Section 152(e) provides that in the case of divorced parents:

> SEC. 152(e) Support Test in Case of Child of Divorced Parents, Etc.--
>
> (1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--
>
> (A) a child * * * receives over half of his support during the calendar year from his parents--

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

(2) Exception where custodial parent releases claim to exemption for the year.--A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

The regulations provide that a noncustodial parent may claim an exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent".  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg.

34451 (Aug. 31, 1984).  The declaration required must be made on a form provided by the Internal Revenue Service (Form 8332) or on a statement that "[conforms] to the substance of such form."  Id.

In Miller v. Commissioner, 114 T.C. 184 (2000), we recognized that an alternative to Form 8332 may be used by the noncustodial parent to substantiate his right to claim a dependency exemption for his child.  Any alternative

> must contain substantially the same information required by Form 8332.  In particular, the document must satisfy the signature requirement of section 152(e)(2).  The signature of the custodial parent is critical to the successful implementation of Congress' plan to eliminate support-based disputes regarding dependency exemptions and to simplify the rules regarding when a noncustodial parent may claim the dependency exemptions for his or her children.  [Id. at 191-192.]

We rejected the argument in Miller that a court decree, even if executed by the former spouse, satisfied the requirements of section 152(e)(2).  In this case, petitioner is the noncustodial parent.  The Decree required petitioner's former wife to execute the statement required; she, however, refused to do so.  While we are sympathetic to petitioner's plight, we note that petitioner's remedy lies with the Arizona divorce court.  It is not within this Court to enforce that decree.  We recognize that, as petitioner points out, enforcing the Decree may involve an expenditure of funds, but that is a decision that petitioner must make.  Petitioner has not chosen that route, and he is not

entitled to claim a dependency exemption deduction for his

daughter on his 1998 Federal income tax return.

2.  Filing Status

Section 2(b)(1), provides:

   (1) In general.--For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either--

      (A) maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of--

      (i) a * * * daughter * * *.

Since his daughter did not live with petitioner for more

than half of the taxable year, petitioner is not entitled to head

of household filing status for the taxable year 1998.

Reviewed and adopted as the report of the Small Tax Case

Division.

Decision will be entered

for respondent.